UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHNNY MIKE TORRES,

                Petitioner,

v.

JEFFERSON B. SESSIONS, *Attorney General of the United States*, THOMAS FEELEY, *Field Office Director for Detention and Removal, Buffalo Field Office, Bureau of Immigration and Customs Enforcement*, DEPARTMENT OF HOMELAND SECURITY, and THOMAS BROPHY, *Facility Director, Buffalo Federal Detention Facility*,

                Respondents.

**DECISION AND ORDER**

1:17-CV-01344 EAW

---

## BACKGROUND

*Pro se* petitioner Johnny Mike Torres ("Petitioner"), commenced this habeas proceeding on December 27, 2017, pursuant to 28 U.S.C. § 2241, alleging that his detention in administrative custody by the United States Department of Homeland Security Immigration and Customs Enforcement ("ICE") violated his federal constitutional right to due process and his statutory rights under 8 U.S.C. § 1231(a)(6). (Dkt. 1). He requested relief, including asking that this Court: (1) assume jurisdiction over the matter; (2) grant Petitioner a writ of habeas corpus directing Respondents to immediately release Petitioner from custody; (3) order the Attorney General not to remove Petitioner from the jurisdiction

of this Court during consideration of this petition;[1] and (4) grant any further relief that the Court deems just and proper. (*Id.* at 15-16).

Petitioner is a native and citizen of Belize. (*Id.* at 5). He entered the United States in July 1993 at the border crossing in San Ysidro, California, without inspection or being admitted. (*Id.*). Petitioner states that he has three criminal convictions that have been vacated by California courts and that "the only conviction left" is a controlled substance offense in Pennsylvania which is "in the process of being vacated." (*Id.* at 7).

On November 13, 2013, an immigration judge entered an administrative order to have Petitioner removed from the United States to his native Belize. (*Id.* at 5). The Board of Immigration Appeals affirmed this decision on October 30, 2014. (*Id.*). Petitioner's order of removal became final on July 5, 2017. (*Id.*). When the instant petition was filed, Petitioner had been in ICE custody for more than seven months after receiving his final order of removal. (*Id.* at 6).

On February 14, 2018, Petitioner was released from administrative custody and removed from the United States. (Dkt. 4 at 4). On June 1, 2018, this Court ordered Respondents to file and serve an answer or motion to dismiss the petition, accompanied by a memorandum of law, within 45 days of service of the Order. (Dkt. 2). On June 14, 2018, Respondents moved to dismiss the petition on the grounds of mootness. (Dkt. 4). Petitioner did not respond to Respondents' motion.

---

[1] The Court construes this request as one for a stay of removal during the pendency of the proceeding.

For the following reasons, Respondents' motion to dismiss (Dkt. 4) is granted, and the petition is dismissed as moot.

## DISCUSSION

### I. Jurisdiction

"[T]he federal courts have jurisdiction under § 2241 to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Henderson v. INS*, 157 F.3d 106, 122 (2d Cir. 1998) (quoting 28 U.S.C. § 2241). When considering a habeas corpus petition, "[t]he 'in custody' requirement is satisfied if the petitioner files the habeas petition before being deported." *So v. Reno*, 251 F. Supp. 2d 1112, 1120 (E.D.N.Y. 2003). "A non-citizen who has been deported must go beyond satisfying the 'in custody' requirement of the federal habeas statute; it must also be demonstrated that the case is not moot as a result of the deportation." *Id.* at 1120-21. Petitioner "must show 'collateral consequences adequate to meet Article III's injury-in-fact requirement.'" *Sayavong v. McElroy*, No. 00Civ.0922(WHP)(FM), 2003 WL 470576, at *3 (S.D.N.Y. Jan. 9, 2003) (quoting *Ramirez v. INS*, 86 F. Supp. 2d 301, 303-04 (S.D.N.Y. 2000)).

District courts do not have jurisdiction to review final orders of removal. "[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal...." 8 U.S.C. § 1252(a)(5). The Second Circuit has found that § 1252(a)(5) "unequivocally eliminates habeas corpus review of orders of removal" by a district court. *Marquez-Almanzar v. INS*, 418 F.3d 210, 215 (2d Cir. 2005). This statute "does not affect the district

courts' jurisdiction over review of other habeas corpus claims." *Brempong v. Chertoff*, No. Civ. 305CV733(PCD), 2006 WL 618106, at *2 (D. Conn. Mar. 10, 2006).

## II. Mootness

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Jackson v. Holder*, 893 F. Supp. 2d 629, 631 (S.D.N.Y. 2012) (internal quotation marks and citation omitted) (alteration in original). "Where a habeas petition is based upon a criminal conviction, the cause is not rendered moot by the petitioner's release from custody, provided that [the] petitioner continues to suffer 'collateral consequences' of the conviction upon which the now-ended incarceration was based." *Denis v. DHS/ICE of Buffalo, N.Y.*, 634 F. Supp. 2d 338, 340 (W.D.N.Y. 2009). However, "[t]he district courts in this Circuit to have considered the issue have found that where an alien challenging his detention under 28 U.S.C. § 2241 is released during the pendency of his petition . . ., the petition is rendered moot." *Id.* at 341; *see also Williams v. INS*, No. 02CIV3814(GBDGWG), 2005 WL 1994102, at *2 (S.D.N.Y. Aug. 18, 2005) (finding the petitioner "lacks any interest in the outcome of this suit inasmuch as the relief he has requested—release from detention—has already been afforded to him"); *Johnson v. Reno*, 143 F. Supp. 2d 389, 391 (S.D.N.Y. 2001) ("A habeas corpus petition seeking release from (INS) custody is moot when the petitioner is no longer in (INS) custody.").

Here, the relief sought by Petitioner included that this Court: (1) assume jurisdiction over the matter; (2) grant Petitioner a writ of habeas corpus directing Respondents to immediately release Petitioner from custody; (3) order the Attorney General not to remove

Petitioner from the jurisdiction of this Court during consideration of this petition; and (4) grant any further relief that the Court deems just and proper. (Dkt. 1 at 15-16).

As to Petitioner's third request, this Court never had jurisdiction to review his final order of removal. With regard to the remainder of his requests, the petition became moot upon Petitioner's release from the custody of the United States. *See Arthur v. DHS/ICE*, 713 F. Supp. 2d 179, 182 (W.D.N.Y. 2010) ("[B]ecause [the petitioner] has been deported, the only relief available to him in this habeas proceeding—namely, release from continued detention in administrative custody—has been granted. . . . Therefore, [the petition] should be dismissed as moot."); *see also Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."). Petitioner is no longer subject to the condition that caused his alleged deprivation, and, as a result, this Court lacks subject matter jurisdiction to further examine the merits of the petition.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss (Dkt. 4) is granted, and the petition is dismissed as moot. The Clerk of the Court is directed to close the case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: October 29, 2018
       Rochester, New York